UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 23-cr-327 (RC) |
| v. | : | |
| | : | |
| TODD BRANDEN CASEY, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION TO ALLOW POTENTIAL ENTRAPMENT DEFENSE

Defendant Todd Branden Casey, who is charged in connection with events at the U.S. Capitol on January 6, 2021, has moved to allow him to present an entrapment defense at trial. Casey fails to establish that (1) a government agent actively misled him about the state of the law defining the offense; (2) the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation. *United States v. Chrestman,* 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (Howell, C.J.)(quoting *United States v. Cox,* 906 F.3d 1170, 1191 (10th Cir. 2018). This Court should deny his motion.

In *Chrestman,* Chief Judge Howell rejected an entrapment by estoppel argument raised by a January 6 defendant charged, like Casey here, with *inter alia*, violations of 18 U.S.C. § 231(a)(3). That reasoning would apply fully to a similar defense presented by Casey:

> January 6 defendants asserting the entrapment by estoppel defense could not argue that they were at all uncertain as to whether their conduct ran afoul of the criminal law, given the obvious police barricades, police lines, and police orders restricting entry at the Capitol.

1

> Rather, they would contend … that the former President gave them permission and privilege to the assembled mob on January 6 to violate the law.
>
> \* \* \* \*
>
> Setting aside the question of whether such a belief was reasonable or rational, [precedent] unambiguously forecloses the availability of the defense in cases where a government actor's statements constitute "a waiver of law" beyond his or her lawful authority…. Just as … no Chief of Police could sanction murder or robbery, notwithstanding this position of authority, no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters. Accepting that premise, even for the limited purpose of immunizing defendant and others similarly situated from criminal liability, would require this Court to accept that the President may prospectively shield whomever he pleases from prosecution simply by advising them that their conduct is lawful, in dereliction of his constitutional obligation to "take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3. That proposition is beyond the constitutional pale, and thus beyond the lawful powers of the President. Even more troubling than the implication that the President can waive statutory law is the suggestion that the President can sanction conduct that strikes at the very heart of the Constitution and thus immunize from criminal liability those who seek to destabilize or even topple the constitutional order. In addition to his obligation to faithfully execute the laws of the United States, including the Constitution, the President takes an oath to "preserve, protect and defend the Constitution." U.S. Const. art. II, § 1, cl. 8.

*Chrestman,* 525 F. Supp. 3d 14, 32-33 (some internal punctuation omitted).

Nor can there be any reasonable claim that President Trump intended to or actually authorized the defendant's particular criminal conduct. Casey taunted Metropolitan Police Department Officers, and aggressively hit and kicked metal barricades in order to knock them down. Casey then shoved Sergeant G.N. around the chest area, and assaulted MPD Officer B.R. He reached for, and grabbed Officer B.R. by the shoulder of Officer B.R.'s jacket, then shoved Officer B.R. toward the U.S. Capitol Building, until a Capitol Police officer pulled Officer B.R. away from Casey.

Casey then moved to the vicinity of an archway that connected the inaugural stage to a corridor that provided access to the interior of the U.S. Capitol Building, commonly known as "the Tunnel." Police officers formed a line inside of the Tunnel and tried to keep rioters from advancing further into the U.S. Capitol Building. Casey aggressively pushed through other rioters inside the

entryway of the Tunnel to reach the front of the police line. Casey then entered and exited the Tunnel a few times, and in the time that Casey was in the Tunnel, Casey joined the crowd in pushing against police by pushing up against other rioters who were pushing against police.

Casey is unable to identify any remarks made by former President Trump that authorized that illegal conduct. The government requests the Court to inquire before trial if the defendant intends to either advance a defense of entrapment by estoppel or present any argument or evidence, the purpose of which would be to support such a defense. If the answer is anything but an unqualified "no," the Court should direct the defendant to make an offer of proof of such evidence and articulate why the defense is legally tenable notwithstanding then-Chief Judge Howell's explanation that it could not be. Absent an express ruling by the Court permitting such evidence or argument, the Court should prohibit the defendant from making arguments or attempting to introduce evidence that former President Trump authorize the defendant's conduct at the Capitol.

## CONCLUSION

For the foregoing reasons, the defendant's motion to transfer venue should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Aliya Khalidi*

ALIYA KHALIDI
Assistant United States Attorney
MA Bar Number 682400
U.S. Attorney's Office for the District of Columbia
601 D Street, NW Washington, D.C. 20001
(202) 252-2410
Aliya.khalidi@usdoj.gov

*/s/ Kaitlin Klamann*

KAITLIN KLAMANN

                Assistant United States Attorney
                601 D Street NW
                Washington, D.C. 20530
                (202) 252-6778
                Kaitlin.klamann@usdoj.gov
                IL Bar No. 6316768