UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No.: 23-cr-327 (RC) |
| | : | |
| **TODD BRANDEN CASEY,** | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE*

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response in opposition to Defendant Todd Branden Casey's motion *in limine*. ECF No. 35. This Court should deny that motion for several reasons.

*First*, Casey seeks to preclude purportedly "inflammatory" characterizations of January 6, 2021, including references to the words "riot," "attack," and "mob," among others. ECF No. 35 at 2. But this Court has previously allowed the government to use the terms "riot," "mob," and "attack," because those terms accurately describe the riot at the United States Capitol on January 6, 2021, which Casey exacerbated by assaulting and impeding police officers.

*Second*, Casey argues that any suggestions of vicarious liability or collective guilt would be improper. The government agrees, but that does not mean the government should be precluded from admitting general evidence of the events of January 6, 2021, or the actions of other rioters that day. Such evidence goes to several elements of the charged offenses, including the existence of a civil disorder and the disruption of official government functions. And Casey's participation in, and knowledge of, the collective riot bears on his state of mind.

*Third*, Casey moves to exclude any reference to his political views. But evidence describing

1

Casey's political views may be relevant to his motive, knowledge, and intent on January 6, 2021.

## BACKGROUND

The Court is familiar with the riot at the Capitol on January 6, 2021, which disrupted Congress's certification of the Electoral College vote and forced it to evacuate the House and Senate Chambers. ECF No. 1-1. Casey participated in that riot by pushing against police lines, aiding other rioters in confrontations with the police, and making verbal and physical threats against the police.

By 2:00 p.m., members of the Metropolitan Police Department and U.S. Capitol Police formed a line on the West Plaza of the Capitol to prevent rioters from getting close to the Capitol building. Metal barriers composed of bike racks were set up to act as barriers between the officers and the rioters. According to officer body-worn camera, at 2:11 p.m., Casey stood at the front of the police line cursing at the officers, "Fuck you. Fuck all of you. Fuck all of you." One minute later, Casey began aggressively slamming the metal barriers. He continued to taunt the officers by yelling, "Take that swing at me, motherfucker" and "I would have come locked and loaded if I knew this was happening!" Casey also galvanized other rioters by yelling, "Push. You gotta come from the back. These fucking cowards, they'll just hit you with sticks. That's all they got" and "Now! Push it! Push it!" At one point, the other rioters responded to Casey's encouragement by aggressively kicking the metal barriers.

Around 2:30 p.m., rioters overran the police line on the West Plaza of the Capitol. During the ensuing skirmish, Casey shoved an officer in the chest at the police line. He also grabbed an officer by the shoulder of his jacket, shoving that officer until another officer was able to pull him away from Casey. By 3:00 p.m., Casey arrived at an archway connecting the inaugural stage to a corridor that provided access to the interior of the Capitol building (*i.e.*, the Lower West Terrace

Tunnel or "the Tunnel"). Police officers had formed a line inside of the Tunnel and were attempting the keep rioters from advancing further into the Capitol building. According to CCTV surveillance video, Casey entered the Tunnel and aggressively pushed his way past other rioters to get closer to the front of the police line. Casey remained in the Tunnel near the police line for approximately nine minutes, leaving the Tunnel at approximately 3:10 p.m. Two minutes later, at 3:12 p.m., Casey entered the Tunnel for a second time and joined the mob in pushing against the police line in a coordinated "heave ho" motion, placing immense pressure on the police line. Casey left the Tunnel again only to come back a third and final time at 3:15 p.m. Casey again joined the mob in pushing against the police line. At approximately 3:18 p.m., the police inside the Tunnel succeeded in pushing rioters, including Casey, out of the Tunnel. A publicly-available video captured Casey leaving the Tunnel and experiencing the effects of chemical irritants.

For his part in the riot, a grand jury charged Casey with violating 18 U.S.C. § 231(a)(3) (Counts One and Two), 18 U.S.C. § 111(a)(1) (Counts Three and Four), 18 U.S.C. § 1752(a)(1) (Count Five), 18 U.S.C. § 1752(a)(2) (Count Six), 18 U.S.C. § 1752(a)(4) (Count Seven), 40 U.S.C. § 5104(e)(2)(E) (Count Eight), and 40 U.S.C. § 5104(e)(2)(F) (Count Nine) on September 20, 2023. ECF No. 6. This Court scheduled jury selection to commence on February 3, 2025.

## ARGUMENT

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "The general rule is that relevant evidence is admissible," *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993), a "liberal" standard, *United States v. Moore*, No. 18-cr-198, 2022 WL 715238, at *2 (D.D.C. Mar. 10, 2022). Additionally, Rule 403 "to sanitize its case, to deflate its witnesses' testimony or to tell its story in a monotone." *United States v. Gartmon*, 146 F.3d

1015, 1021 (D.C. Cir. 1998). Neither Rule 401 nor 403 supports the defendant's requested relief.

### I. The Descriptors Accurately Describe the Events of January 6, 2021, and the Rules of Evidence Do Not Preclude Them.

Casey asks this Court to bar terms like "insurrection," "attack on the Capitol," and "riot," and "mob," ECF No. 35 at 2, a list that includes several terms that many an objective observer would agree fairly describe the events of January 6, see *United States v. Alford*, 89 F.4th 943, 946, 947 (D.C. Cir. 2024) (using "unruly mob" and "rioters"); *United States v. Munchel*, 991 F.3d 1273, 1276, 1279, 1284 (D.C. Cir. 2021) (using "mob," "riot," "insurrection," and "breach"). According to Casey, such terms have "no relevance to the issue of guilt or innocence in this case" and "will only tend to inflame and prejudice the jury." ECF No. 35 at 2.[1] Because these terms accurately describe Casey's conduct, and the events of January 6, 2021, which cannot be divorced from the defendant's actions, the Court should deny the motion.

Evidence or language is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Sanford Ltd.*, 878 F. Supp. 2d 137, 143 (D.D.C. 2012) (quoting Fed. R. Evid. 403, advisory committee's note). By their very nature, criminal charges involve an accusation that someone has wronged another person or has wronged society. Such charges arouse emotion and there is nothing improper about that. Indeed, while cautioning against prosecutorial misconduct in *United States v. Berger*, the Supreme Court simultaneously recognized that "[t]he United States Attorney . . . may prosecute with earnestness and vigor—indeed, he should do so." 295 U.S. 78, 88 (1935). "[T]he law permits the prosecution considerable latitude to strike 'hard blows' based on the evidence and

---

[1] Casey's concern that this language exacerbates the purported "headwind" he faces in the D.C. jury pool is misplaced. The *voir dire* process will "identify prospective jurors who might be prejudiced against a defendant by the nature of evidence to be presented at trial." *United States v. Weisz*, 718 F.2d 413, 432 (D.C. Cir. 1983).

all reasonable inferences therefrom." *United States v. Rude*, 88 F.3d 1538, 1548 (9th Cir. 1996) (quoting *United States v. Baker*, 10 F.3d 1374, 1415 (9th Cir. 1993)). When a prosecutor's comments fairly characterize the offense, fairly characterize the defendant's conduct, and represent fair inferences from the evidence, they are not improper. *See Rude*, 88 F.3d at 1548 (holding that the use of words like victim, deceit, outlandish, gibberish, charlatan, and scam was not improper); *Guam v. Torre*, 68 F.3d 1177, 1180 (9th Cir. 1995) ("[T]here is no rule [of evidence or ethics] requiring the prosecutor to use a euphemism for [a crime] or preface it by the word 'alleged.'").

Here, the government should not be required to sanitize its case, dilute its language, and step gingerly around the defendant's serious crimes. Contrary to the defendant's insinuations, what took place on January 6, 2021, was, in fact, a riot and an attack on the Capitol, the seat of government and democracy in the United States. Casey contributed directly to the riot by assaulting two police officers on the West Plaza of the Capitol and impeding officers in the Tunnel. This Court has denied nearly identical motions to preclude the use of similar terms in January 6 cases. *See United States v. Bray*, No. 23-cr-306 (RC), 2024 WL 3723942, at *8 (D.D.C. Aug. 8, 2024) (reasoning that "it would be exceedingly difficult to accurately characterize the events of January 6 in a way that would reveal the use of the terms riot or mob to be overstatement"); *United States v. Rhine*, No. 21-cr-687 (RC), 2023 WL 2072450, at *8 (D.D.C. Feb. 17, 2023) (same); *see also United States v. Carpenter*, No. 21-cr-305 (JEB), 2023 WL 1860978, at *4 (D.D.C. Feb. 9, 2023); *United States v. Gillespie*, No. 22-cr-60 (BAH), ECF No. 43 at 5-6 (D.D.C. Nov. 30, 2022). The government will nonetheless not use the terms "insurrection" or "sedition" because the defendant is not charged with those crimes. *See Rhine*, 2023 WL 2072450, at *8. The other terms accurately describe a violent and disturbing event. The government should be permitted to use appropriate language—and not euphemisms—to describe the nature and gravity of Casey's

conduct at trial.

> **II. General Evidence of the Events on January 6, 2021, Including the Actions of Other Rioters, is Relevant.**

Casey next argues that the Court should preclude references to vicarious liability or collective guilt. ECF No. 35 at 2-3. The government agrees, but that does not mean the government should be precluded from admitting general evidence of the events of January 6, 2021, or the actions of other rioters that day. To convict him, the jury must find that Casey committed each offense with which he is specifically charged. It is not enough for the government to show that Casey was simply present near others who committed crimes at the Capitol. But Casey's argument ignores the nature of these crimes as a collective action. The mob's collective action is relevant to prove the existence of a civil disorder and the disruption of Congress. And Casey's knowledge of the collective riot bears on his state of mind.

For starters, the government must be given leeway to place a defendant's actions into context and to assist the jury in "organiz[ing] and evaluat[ing] evidence which is factually complex and fragmentally revealed." *United States v. Lemire*, 720 F.2d 1327, 1348 (D.C. Cir. 1983). General evidence of the events on January 6 is probative of several elements of the crimes with which Casey is charged. For example, to prove civil disorder, the government must establish that Casey committed or attempted to commit an act that obstructed, impeded, or interfered with law enforcement in the performance of their duties during a civil disorder, and the civil disorder obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. 18 U.S.C. § 231(a)(3). The term "civil disorder" is defined as any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C. § 232(1).

6

Thus, general evidence of the events of January 6, 2021, including the actions of other rioters, is relevant to prove that a civil disorder was occurring and that it interfered with a federally protected function. *See Carpenter*, 2023 WL 1860978, at *3. This is especially true here because Casey is charged with (1) galvanizing other rioters to impede police on the West Plaza and (2) collectively pushing against the police line in the Tunnel with other rioters.

General evidence of January 6 is also relevant to show that that Casey's disorderly conduct—collectively with other rioters—disrupted official government functions under 18 U.S.C. § 1752(a)(2). *See Rhine*, 2023 WL 2072450, at *6 ("The Court agrees that the situational context around Defendant while he was allegedly present in the Capitol is relevant to the jury's assessment of whether Defendant's conduct was disorderly or disruptive."); *see also United States v. Alford*, 89 F. 4th 943, 953 (D.C. Cir. 2024) (explaining that the defendant's "actions were disorderly because, *viewed in the context of the day's events*, they tended to disturb the public peace, offend public morals, or undermine safety" (emphasis added)).

The government may also call summary witnesses or use summary evidence that would permissibly "help the jury organize and evaluate evidence which is factually complex and fragmentally revealed in the testimony of a multitude of witnesses throughout the trial." *United States v. Lemire*, 720 F.2d 1327, 1348 (D.C. Cir. 1983). Any such aspects of the government's case would need to be "accurate and nonprejudicial," *United States v. Fahnbulleh*, 752 F.3d 470, 479 (D.C. Cir. 2014), and require "a sufficient foundation," *United States v. Mitchell*, 816 F.3d 865, 877 (D.C. Cir. 2016). But Casey cannot substantiate his contention that the government should be precluded from presenting this summary information. *See Rhine*, 2023 WL 2072450, at *7 ("[T]he Government may present evidence of unauthorized individuals' presence and conduct in or around the Capitol—for example through use of a compilation video showing USCP

7

surveillance footage in and around the Capitol before and during the events in question . . . for the limited purpose of demonstrating that Congress was in fact impeded or disrupted").

Even if this Court were to find that the actions of other rioters were prejudicial, a limiting instruction would be the appropriate remedy. The D.C. Circuit has consistently upheld the use of limiting instructions as a way of minimizing the residual risk of prejudice. *See, e.g.*, *United States v. Douglas*, 482 F.3d 591, 601 (D.C. Cir. 2007) (emphasizing the significance of the district court's instructions to jury on the permissible and impermissible uses of the evidence). Because general evidence of January 6, including the actions of other rioters are relevant, and any prejudice can be addressed through an appropriate limiting instruction, its admission is appropriate.

### III. Evidence of the Defendant's Political Views Are Not Barred by the Federal Rules of Evidence.

Finally, Casey moves to exclude any reference to the defendant's political views. ECF No. 35 at 3. The government does not intend to elicit evidence of Casey's political views to demonstrate his character or to suggest a propensity to act as he did on January 6, 2021. Nor does the government intend to reference any of Casey's political views or activities that are completely untethered to the events surrounding January 6, 2021. But the government should not be precluded from introducing any evidence that tends to establish his motive, planning, knowledge, and intent on January 6, 2021. *See* Fed. R. Evid. 404(b)(2).[2] Casey's views – political or not – may become

---

[2] For the same reason, the First Amendment "does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent." *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993). Courts in other January 6 cases have consistently allowed evidence of defendants' statements for purposes of showing intent and motive. *See, e.g.*, *United States v. Robertson*, 588 F. Supp. 3d 114, 124 (D.D.C. 2022) ("Nor does the Court find any First Amendment concerns in the government's use of Robertson's statements to show intent. . . . If Robertson had expressed his views only through social media, he almost certainly would not be here. But he also allegedly took action—entering the Capitol without lawful authority in an alleged attempt to impede the Electoral College vote certification. His words remain relevant to his intent and motive for taking those alleged actions").

directly relevant to establishing the elements of the offenses, such as his intent to obstruct law enforcement under section 231(a)(3) or his intent to disrupt official government functions under section 1752(a)(2). *See United States v. Fitzsimons*, 605 F. Supp. 3d 92, 101-02 (D.D.C. 2022) (Contreras, J.) (admitting evidence of phone calls by defendant to congressional offices a few weeks before the January 6, 2021 attack, referencing his belief that the presidential election was "corrupt" and saying there would be a "civil war").

## CONCLUSION

For these reasons, the United States respectfully requests that the Court deny the defendant's motion *in limine*.

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Aliya Khalidi*
ALIYA KHALIDI
Assistant United States Attorney
MA Bar Number 682400
U.S. Attorney's Office for the District of Columbia
601 D Street, NW
Washington, D.C. 20001
(202) 252-2410
Aliya.Khalidi@usdoj.gov

*/s/ Jake E. Struebing*
JAKE E. STRUEBING
Assistant United States Attorney
D.C. Bar No. 1673297
U.S. Attorney's Office for the District of Columbia
601 D Street, NW
Washington, D.C. 20530
(202) 252-6931
Jake.Struebing@usdoj.gov